IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>MARTA SPAETH, et al.,<br><br>        Defendants. | Case No. 1:07-CV-677-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights case is Defendants' Motion to Dismiss (Docket No. 13), which is now fully briefed and ripe for adjudication. Having reviewed the record in this matter, and having considered the written arguments of the parties in the briefing, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order conditionally granting the Motion to Dismiss.

## DEFENDANTS' MOTION TO DISMISS

**A.    Background**

Plaintiff is a California state prisoner proceeding in forma pauperis. He alleges that various medical providers have violated his Eighth Amendment rights by failing to provide medical care and medication for his chronic back and neck pain. Defendants

MEMORANDUM DECISION AND ORDER 1

argue that Plaintiff is not entitled to proceed in forma pauperis because he has had more than three dismissals that count as strikes issued against him pursuant to 28 U.S.C. § 1915(g) and because his Amended Complaint does not contain allegations showing he is in imminent danger of serious physical injury, which is an exception that might otherwise allow him to proceed on his Amended Complaint. Defendants alternatively request that Plaintiff's Amended Complaint be dismissed for failure to exhaust administrative remedies.

**B.     Standard of Law**

Defendants seek dismissal of Plaintiff's entire action. A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party. *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A court should dismiss a case without leave to amend only in "extraordinary" cases. *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981).

MEMORANDUM DECISION AND ORDER 2

C.  **Discussion**

1.  Three Strikes

The Court is authorized to review a litigant's in forma pauperis status "at any time" during the pendency of a case. 28 U.S.C. § 1915(e)(2). The "three strikes" provision of the in forma pauperis statute, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005), the United States Court of Appeals for the Ninth Circuit explained the analysis used to determine whether an inmate's case is subject to the three strikes rule:

> [W]e hold that if defendants challenge a prisoner-plaintiff's IFP status, then the initial production burden rests with the defendants. Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g).
> Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by

explaining why a prior dismissal should not count as a strike. *Id*. at 1120.

Here, Defendants point out that Plaintiff had at least eleven cases dismissed that constitute strikes, and, thereafter, that Plaintiff had three cases dismissed by denial of in forma pauperis status as a result of the strikes. The Court focuses on Defendants' production of a December 14, 1999 order from Case No. CV99-2277 BTM (LSP), *Monroe Jones v. C/O Wood*, from the United States District Court for the Southern District of California, wherein the Honorable Judge Barry Ted Moskowitz determined that Plaintiff Monroe Jones could not proceed in forma pauperis because he had previously accumulated eleven dismissals that counted as strikes under 28 U.S.C. § 1915(g). (Affidavit of Helene E. Swanson, Exhibit A, Docket No. 13.) Defendants' argument is adequately supported by the facts set forth by affidavit, court orders, and docket sheets. (*Id*., Exhibits A-C.) Defendants' argument is also supported by the law. In particular, in *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), the Ninth Circuit determined that 28 U.S.C. § 1915(g) applies to "dismissals that preceded the effective date of the act [April 26, 1996]." The Court concludes that Defendants have met their initial burden, shifting the burden to Plaintiff to show that at least eight of the eleven cases cited by Judge Moskowitz are not cases that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted.

Plaintiff argues that the cases relied upon by Defendants were all reversed,
MEMORANDUM DECISION AND ORDER 4

vacated, or remanded by the Ninth Circuit Court of Appeals. However, Plaintiff has provided documentation showing only that two of his prior cases fit into this category: CV91- 2376, *Jones v. Wheeler*, and CV97-62, *Jones v. Garcia*,[1] and neither case was relied upon by Judge Moskowitz in the order finding that eleven dismissals constituted strikes. From Judge Moskowitz's order, this Court has independently reviewed (1) the docket of *Jones v. Joiner*, Case No. CV95-229-WBS-GGH, which shows that the complaint was dismissed as frivolous; (2) the docket of *Jones v. White*, Case No. CV95-308-EJG-GGH, which shows that the complaint was dismissed as frivolous; and (3) the opinion in *Jones v. Law Librarian Folsom State Prison*, 999 F.2d 543 (9th Cir. 1993) (unpublished), where the Court of Appeals affirmed the district court's dismissal with prejudice for failure to state a claim after reviewing Plaintiff's Complaint alleging he had a free-standing right to a pen under case law governing access to court claims. The Court of Appeals noted that Plaintiff had refused to amend his complaint, and that the original complaint was written in pen, which Plaintiff said he borrowed from another inmate. *Id*. at *2 & n.1. Based on these three cases, this Court is convinced that Plaintiff has had at least three prior cases dismissed that meet the criteria for strikes under 28 U.S.C. § 1915(g). Plaintiff has produced nothing which is contrary regarding these three cases, or any of the eleven cases cited by Judge Moskowitz.

Plaintiff argues that because some of the strikes occurred in United States District

---

[1] A third case cited by Plaintiff, Case No. CV91-3447, is a habeas corpus case brought under 28 U.S.C. § 2254, to which the three strikes provision does not apply.

MEMORANDUM DECISION AND ORDER 5

Courts other than the Eastern District of California, they should not be counted because they are not of "precedential" value like a Ninth Circuit Court of Appeals case. However, the statute provides only that the action be filed "in a court of the United States." 28 U.S.C. § 1915(g). Further, each of the three cases this Court has reviewed were from the Eastern District of California.

Plaintiff next argues that his current case is exempt from the three strikes bar because its allegations show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). However, Defendants argue that Plaintiff's claim of not receiving adequate medication for his longstanding back problems does not qualify as a claim showing that plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002), the United States Court of Appeals for the Eighth Circuit determined that the "imminent danger" exception was met where the plaintiff alleged that the delay of extraction of decayed teeth had caused a mouth infection that was spreading. In *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004), the exception was met where the prisoner alleged that prison officials had withdrawn treatment for his HIV and hepatitis, and as a result, the prisoner suffered from severe ongoing complications, he was more susceptible to various illnesses, and his conditions could rapidly deteriorate. Similarly, the exception was met where the allegations were that prison doctors and officials wrongfully discontinued the prisoner's medication for attention deficit hyperactivity disorder (ADHD) and panic disorder. *See*

*Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003).

Here, Plaintiff alleges that he is not currently receiving needed medication for a serious chronic back pain condition. However, because Plaintiff filed his original complaint two years ago and the Court has no current record of whether Plaintiff is indeed receiving any medication for his chronic pain condition, the Court will allow either party to supplement the record with current medical records and medication charts. If Plaintiff is, in fact, receiving medication for his back pain, then no imminent danger exists, and Plaintiff will be required to pay the filing fee and services costs or suffer dismissal of his case without prejudice.

    2.    <u>Exhaustion</u>

Defendants also argue that Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims

---

[2] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

MEMORANDUM DECISION AND ORDER 7

cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

After *Jones v. Bock*, several district courts have determined that a prison's failure to respond to a timely-submitted grievance within the procedure's specified time frame for a response is the equivalent of exhaustion of administrative remedies. *See Harden v. South Carolina Dept. of Corr.*, 2007 WL 675632, at *3 (D.S.C. 2007); *Stewart v. Tai*, 2007 WL 1008024, at *3 (D. Mich. 2007). Cases decided prior to *Jones v. Bock* remain instructive, including those determining that where the grievance system *allows* a prisoner to proceed to the next appeal level if prison officials fail to respond to an intermediate step, the inmate *must* proceed to the final level of appeal. *See Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002).

Failure to exhaust administrative remedies is an affirmative defense that should be brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

B.  **Discussion**

California Department of Corrections ("CDC") regulations provide a four-step administrative process for prisoner grievances, with each step, including the first, referred to as a "level of appeal": (1) informal level of appeal with the staff involved in the action or decision; (2) first formal level of appeal with an appeals coordinator; (3) second formal level of appeal with the institution head, regional parole administrator, or their designee; and (4) third formal level of appeal with a designated representative of the director under supervision of the chief of inmate appeals. Cal.Code. Reg. tit. 15, § 3084.5. In some instances, prison officials can waive a level (discussed more fully below).

At every appeal level, including the first informal appeal level, the inmate "must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." *Id*., § 3084.6(c). Also "at each level of review not waived, the original appeal shall be returned to the appellant with a written response stating the appeal issue and the reasons for the decision." *Id*., § 3084.5(g).

To file an informal level of appeal, a prisoner completes a two-page "CDC Form 602, Inmate/Parolee Appeal Form" ("602 Form") describing "the problem and action requested, *id*., § 3084.2(a), and submits it to the "staff involved in the action or decision." *Id*., § 3084.5(a). The staff member reviews the informal level appeal and provides a written response on the same form, reporting the action taken in the space provided and

MEMORANDUM DECISION AND ORDER 9

signing and dating the form. *Id.*, § 3084.5(a)(2). The staff member's informal level response must be completed within 10 working days. *Id.*, § 3084.6(b)(1). Making an "attempt to obtain informal level review is required before an appeal may be accepted for formal review," unless the problem fits within a category of complaints for which the informal appeal level is an exception as listed in §§ 3084.5(a)(3) and 3084.7, in which case the informal level is "waived." *Id.*, § 3084.5(a)(1) & (a)(3).[3]

To proceed to the first formal level appeal (which is the second step in the grievance process), the inmate uses the next space of the same 602 Form, where he is instructed: "If you are dissatisfied, explain below, attach supporting documents (Completed CDC115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response." *See* CDC Form 602. The appeals coordinator screens the first formal level appeal, and may reject the appeal on any number of grounds, including appeals that do not include evidence that an informal level of appeal was completed (if required), or that do not include necessary supporting documents. *Id.*, § 3084.3(c).[4] First

---

[3] In some circumstances, the informal complaint step is waived, such as complaints challenging departmental regulations, policies, or operational procedures; or those involving the alleged misconduct of departmental peace officers. *See* 15 Cal.Code. Reg at § 3084.5(a)(3)(A) through (H).

[4] "When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable. If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing." 15 Cal.Code. Reg at § 3084.3(d).

MEMORANDUM DECISION AND ORDER 10

level appeal responses shall be completed within 30 working days. *Id.*, § 3084.6(b)(2).

The regulations are silent as to whether an inmate can proceed to the second level of review if no response is received at the first level of review.[5] However, the regulations do specify that "[s]econd level review is for review of appeals *denied* at the first level or for which the first level *is otherwise waived* by the regulations." *Id.*, § 3085.5(c) (emphasis added).

If the inmate proceeds to the second level of review (which is the third step in the grievance process), *see id.*, second level appeal responses shall be completed within 20 working days, or 30 working days if the first level is waived pursuant to section 3084.5 (a)(3). *Id.*, § 3084.6(b)(3). The regulations provide that the second formal level, with the exception provided in section 3084.7(d)(4)(B), "shall be completed prior to the appellant filing at the third formal level." *Id.*, § 3085.5(c).

The third level of review (which is the fourth and final step in the grievance process) is "for review of appeals not resolved at second level with the exception provided in section 3084.7(d)(4)(B)." *Id.*, § 3084.5(d). Third level responses shall be completed within 60 working days. *Id.*, § 3084.6(b)(4).

In this case, on March 18, 2006, Plaintiff filled out the informal level space of a 602 appeal form, complaining that he was not receiving proper medications, a low bunk,

---

[5] *Cf. id.*, § 3085.5(c) ("the *second* formal level . . . *shall be completed prior to* the appellant filing at the third formal level") (emphasis added).

or a double mattress for his chronic spinal cord pain. (Amended Complaint, Exhibit C-1, Docket No. 8). He then wrote on the form on the "informal level" staff response space: "Staff failed to respond. Returned 602 unanswered several times." (*Id*.) In the first formal level space, he wrote "No answer. Returned, three times." He then signed and dated it April 28, 2006. (*Id*.) The form is stamped "Received Med Appeals, April 28, 2006," and it also bears a stamped date and time of "April 27, 2006 11:27 a.m." (*Id*.) Near the top of the form, in a handwriting other than Plaintiff's, the words "Disagree w/ treatment," are written. (*Id*.)

Plaintiff's second 602 appeal form is similar. It was filed on May 8, 2006, at the informal level. It was then signed and dated by Plaintiff on May 25, 2006 at the first formal level and stamped "received May 22, 2006"; it also contains a notation of "meds," in handwriting other than Plaintiff's. (Amended Complaint, Exhibit C-2, Docket No. 8.)

Plaintiff next sent a letter regarding his medical issues to Correctional Health Care Services on July 14, 2006. On August 28, 2006, Correctional Health Care Services responded to Plaintiff's letter and advised him to file an appeal at his institution to address his medical issues if he was not satisfied with the medical care he was receiving. (Amended Complaint Exhibit B-1.) That letter specifically cited to the "inmate appeal process described in the California Code of Regulations, Title 15." (*Id*.) The letter also stated, "DCHCS was informed you filed appeals at your institution to address the medical problems you brought to our attention, and responses to those appeals have been issued."

(*Id*.) Plaintiff alleges that he received no responses to the appeals. Defendants have not produced copies of the responses.

As set forth above, the California regulations specify that a second level of review is for first level appeals that have been denied or waived. Here, prison officials neither granted nor denied the first level appeal, nor did they notify Plaintiff that the appeal was waived. Prison officials obviously received the first level of appeal of both of the 602 forms, evidenced by (1) the received stamp dates, (2) the handwritten notes on the forms, and (3) the letter indicating that responses had been sent. Defendants' argument that the forms were not received because they were not logged by prison officials in the normal course of processing 602 forms is not persuasive in light of these facts showing actual receipt of the forms. The Court also rejects Defendants' argument that because the letter indicating that the responses had been sent also directed Plaintiff to pursue his administrative remedies, Plaintiff should have done so; rather, because prison officials never provided Plaintiff with the responses, he was foreclosed from pursuing his remedies any further under the governing regulation. *See* 15 Cal.Code. Reg at § 3084.5(c).

Therefore, because (1) the regulations do not specify that an inmate may proceed to the second level of review except under conditions of denial or waiver of the first level of appeal, (2) the regulations specifically do not permit an inmate to file a third level appeal if the second level has not been completed, and (3) in light of the facts showing receipt and response of Plaintiff's first formal level appeal (but apparently no

MEMORANDUM DECISION AND ORDER 13

transmission of the response to Plaintiff), the Court concludes that Defendants have not met their burden of proof to show that Plaintiff did not exhaust the administrative remedies available to him in his particular circumstances. Therefore, Defendants' Motion to Dismiss on this ground is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Defendants' Motion to Dismiss is DENIED in part and conditionally GRANTED in part. Within twenty (20) days after entry of this Order, either party may submit current medical records and medication charts of Plaintiff to show that he is being treated for his chronic back pain. If current treatment is not being provided, Plaintiff may proceed with his Amended Complaint in forma pauperis despite his three strikes. If current treatment is being provided, Plaintiff's in forma pauperis status will be revoked, and he will have thirty (30) days in which to pay the filing fee. Thereafter, he will have thirty (30) additional days to reimburse the U.S. Marshal Service for the costs of service, if any. Failure to pay these fees and costs will result in dismissal of Plaintiff's case under Rule 41.

B.  The Clerk of Court shall note on the docket that Plaintiff has accrued three dismissals that constitute strikes under 28 U.S.C. § 1915(g).

DATED: **May 12, 2009**



B. LYNN WINMILL
Chief Judge
United States District Court