IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

MONROE JONES,

                Plaintiff,

vs.

MARTA SPAETH, et al.,

                Defendants.

Case No. 1:07-CV-677-BLW

**ORDER**

The Court previously conditionally granted in part and denied in part Defendants' Motion to Dismiss. (See Docket Nos. 13 & 20.)[1] Because the Court concluded that Plaintiff had three strikes and could not proceed without prepayment of the $350 filing fee, the Court required the parties to supplement the record with medical records to show whether evidence exists to demonstrate that Plaintiff's current case should be exempted from the three strikes bar because its allegations show that he "is under imminent danger of serious physical injury" for failure to

---

[1] Plaintiff states in his supplemental Opposition that he had no notice of Defendants' Motion to Dismiss. (Docket No. 13.) However, Plaintiff responded to the Motion in a timely manner (Docket No. 14), and the response was considered.

ORDER 1

receive adequate medication for chronic neck and back pain.  28 U.S.C. § 1915(g).

In McAlphin v. Toney, 281 F.3d 709, 711 (8th Cir. 2002), the United States Court of Appeals for the Eighth Circuit determined that the "imminent danger" exception was met where the plaintiff alleged that the delay of extraction of decayed teeth had caused a mouth infection that was spreading.  In Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), the exception was met where the prisoner alleged that prison officials had withdrawn treatment for his HIV and hepatitis, and as a result, the prisoner suffered from severe ongoing complications, he was more susceptible to various illnesses, and his conditions could rapidly deteriorate. Similarly, the exception was met where the allegations were that prison doctors and officials wrongfully discontinued the prisoner's medication for attention deficit hyperactivity disorder (ADHD) and panic disorder.  See Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003).

Defendants have provided the following information as to Plaintiff's medical treatment provided him since the filing of his Complaint.  Plaintiff has complained of back pain for the past 19 years.  He is receiving Baclofen (20 mg tablets) for back pain.  When Plaintiff was temporarily out of prison for eight months from late 2008 to mid-2009, he was also prescribed Baclofen for his back pain by a private physician.

ORDER 2

In prison, Plaintiff has been provided with a lower bunk chrono, as well as a limited job duties chrono that exempts him from doing heavy lifting or prolonged standing or walking.  While Plaintiff argues that the chronos are not permanent, as Defendants portray them, the record is clear that Plaintiff receives renewals of the chronos when needed.  Plaintiff has not alleged that he has been required to climb up onto a top bunk, perform heavy labor, or stand or walk for a prolonged period of time.

The October 28, 2008 "Director's Level Appeal Decision" that Plaintiff submitted notes that Plaintiff did not receive his prescription pain medication in or around May 2008 because he did not submit a CDC Form 7362 in the proper manner.  He was advised on the proper way to submit the forms to obtain his medication.  (Plaintiff's Opposition, Exhibits, Docket No. 22.)   Importantly, there is no evidence that Plaintiff has been deprived of his medication recently.

Plaintiff argues that the health care provider fabricated the statement that Plaintiff requested that his back pain medication be discontinued in 2007.  However, even if this statement is a fabrication, it is not relevant to whether Plaintiff *currently* is being provided medication.  Plaintiff's other allegations that Defendants are fabricating evidence appear to be merely differences in the way Defendants' lawyers and Plaintiff have chosen to interpret the records.  The Court sees nothing

ORDER 3

in the record that would support the extreme position taken by Plaintiff regarding Defendants' briefing and interpretation of the records.  (For example, while aspirin may have been prescribed for heart problems, that medication is also commonly used for pain relief.)

In conclusion, the Court finds nothing in the record that would indicate that Plaintiff is not being treated for his chronic back and neck pain.  As a result, he has not made a showing that he "is under imminent danger of serious physical injury" such that would exempt him from the three strikes requirement of prepaying the filing fee.  28 U.S.C. § 1915(g).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the portion of Defendants' Motion to Dismiss (Docket No. 13) that was conditionally granted by the Order of May 12, 2009, is GRANTED in final.

IT IS FURTHER HEREBY ORDERED:

A.    Plaintiff's in forma pauperis status is REVOKED.

B.    Plaintiff's case is DISMISSED without prejudice.

C.    Plaintiff shall have thirty (30) days in which to pay the filing fee.

D.    Plaintiff shall have sixty (60) days to reimburse the U.S. Marshal Service for the costs of service, if any.

ORDER 4

E.    If Plaintiff pays the filing fee and reimburses the U.S. Marshal Service

for the costs of service, then the Court will re-open his case and vacate

the judgment.  However, if he does not, the case will remain closed.



DATED:  **March 31, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER 5